**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| UDIS SANCHEZ MANALANSAN-LORD, <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, <br><br> *Defendant.* | Case No. 4:25-cv-985 MAL |

## MEMORANDUM AND ORDER

Before the Court is the United States' Motion to Dismiss (Doc. 8) under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), and Plaintiff Udis Sanchez Manalansan-Lord's request for a hearing on her "Motion for Temporary Restraining Order." Doc. 5. Because Manalansan-Lord never filed a motion for a temporary restraining order, her request for a hearing on the never-filed motion is **DENIED**. And for the following reasons, the United States' Motion to Dismiss (Doc. 8) is **GRANTED**.

## Background[1]

Once again, Manalansan-Lord is before the Court having sued the Department of Education over her student loan obligations. Her complaints against the

---

[1] Manalansan-Lord is proceeding pro se and appears to claim that she has law degree. *See* Doc. 1 at 1. Even so, the Court construes her pleadings liberally. *See Topchian v. JP Morgan Chase Bank, N.A.,* 760 F.3d 843, 849 (8th Cir. 2014) ("A ***pro se*** complaint must be liberally construed.") And for the purposes of a motion to dismiss, the

1

Department of Education have been dismissed by this Court twice before. In 2008, her claims against the government were dismissed for lack of subject matter jurisdiction having "failed to establish that the Government [was] not immune from her suit"). *Manalansan-Lord v. Direct Loan Servicing Center et al.*, 2008 WL 4693410, at *2 (E.D. Mo. Oct. 22, 2008) (Mummert, III, J.). And in 2020, sovereign immunity again defeated her claims. *Manalansan-Lord v. U.S. Dep't of Eucation et al.*, 2020 WL 428551, at *3 (E.D. Mo. July 27, 2020) (Fleissig, J.).

This time, Manalansan-Lord filed a short complaint alleging that the Department of Education "told" the United States Department of Treasury to "collect $750 from Plaintiff's social security benefits beginning July 2025." Doc. 1 at 2. But she claims that she "is prohibited from having social security garnishment," *id.*, and that the Department of Education "forbids the plaintiff from contacting the Social Security regarding this matter." *Id.*

The only possible causes of action in the complaint are her claims that the United States deprived her of "due process of law, where a U.S. citizen is assumed innocent until proven guilty", *id.*, and of "property without due process of law." *Id.* at 3.

Attached to the complaint is a U.S. Treasury Department letter from May 21, 2025, announcing it would offset up to 15% of Manalansan-Lord's Social Security benefits to satisfy her Department of Education student loan obligations, Doc. 1–1; a Public Service Loan Forgiveness Program application, *id.*; and two news articles reporting on the government's plans to not offset student loan debts with Social Security garnishments. Docs. 1–2, 1–3, 1–4.

The United States filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction because Manalansan-Lord has failed to identify a waiver of sovereign immunity, Doc. 9 at 6–8,

---

Court accepts as true all well-pled factual allegations in her complaint. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

and under Rule 12(b)(6), arguing that Manalansan-Lord has failed to state a plausible claim for relief. *Id.* at 8–11.  Manalansan-Lord did not respond in opposition to the motion.

The Court agrees that the complaint fails to establish subject matter jurisdiction and must be dismissed.  Lacking jurisdiction, the Court does not go on to address the United States' other arguments under Rule 12(b)(6).

### Legal Standard

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  And while "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties[,]" *Topchian*, 760 F.3d at 849 (quotation marks and citations omitted), the complaint "still must allege sufficient facts to support the claims advanced." *Stinger v. St. James R-1 Shc. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Thus, a pro se litigant "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

But first, the plaintiff must establish that this Court has subject matter jurisdiction over claim asserted.  Under Federal Rule of Civil Procedure Rule 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The burden of proving subject-matter jurisdiction falls on the plaintiff, *Osborn v. United States*, 918 F.2d 724, 729–30 (8th Cir. 1990), including pro se plaintiffs, *see Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.").  The court must dismiss the action if it determines, at any time, that it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  "No case can properly go to trial if the court is not satisfied that it has

jurisdiction . . . The jurisdictional issue must be resolved first." *Osborn*, 918 F.2d at 730.

### Analysis

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475; *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc) (citing *Meyer*, 510 U.S. at 475). Sovereign immunity is jurisdictional in nature, depriving courts of subject matter jurisdiction where applicable. *See Meyer*, 510 U.S. at 475; *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001) ("sovereign immunity implicates [a federal court's] subject matter jurisdiction"). Thus, the plaintiff must demonstrate that sovereign immunity has been waived to sue the United States. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1009, 1112 (8th Cir. 2000). Otherwise, this Court lacks subject matter jurisdiction.

Here, Manalansan-Lord has not asserted a waiver of sovereign immunity by the United States, and none is apparent on the face of her complaint. Liberally construing the complaint, Manalansan-Lord seeks an injunction barring the Department of Education from garnishing her social security benefits without "due process of law." Doc. 1 at 2–3. But Manalansan-Lord has not identified any basis for a waiver of sovereign immunity for such an injunction directly against the Department of Education. Typically, governmental agencies have sovereign immunity from suit. *Fed. Deposit Ins. Corp.*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Because Manalansan-Lord has not demonstrated that the Department of Education's sovereign immunity has been waived, her lawsuit remains barred by sovereign immunity. *See Bright v. United States Dep't of Treasury*, 2018 WL 4926307, at *2 (W.D. Mo. Oct. 10, 2018), *aff'd sub nom. Bright v. United States of Am. Dep't of Treasury,* 2019 WL 2152671 (8th Cir. May 13, 2019) (dismissing pro se complaint seeking injunctive relief against the Department of Education to prevent offset of Social Security benefits because plaintiff did "not identify any basis for a waiver of sovereign immunity for his request for

injunctive relief."). Therefore, this Court lacks subject matter jurisdiction over this suit.

### Conclusion

Because Manalansan-Lord has failed to carry her burden of demonstrating a waiver of sovereign immunity for her claims against the United States, the Court must dismiss her complaint for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Manalansan-Lord's request for a hearing, (Doc. 5), is **DENIED,** and the United States' Motion to Dismiss (Doc. 8) is **GRANTED**. Manalansan-Lord's Complaint (Doc. 1) is **DISMISSED**.

Dated this 25th day of March, 2026.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE